UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JAMES PAPA,

                Plaintiff,

- against -

PICONE/McCULLAGH JOINT VENTURE,

                Defendant.
-------------------------------------------------------X

Docket No.:

**ECF CASE**

**COMPLAINT**
**06 CIV 15276 (SCR)**

**PLAINTIFF DEMANDS
A JURY TRIAL**

      Plaintiff,Plaintiff, JAMES PAPPlaintiff, JAMES PAPA,Plaintiff, JAMES PAPA, by his attorneys, GO Defendant, allege as follows:

    1.    ThisThis is anThis is an action toThis is an action to remedy the failure of Defendant to properlypay at the rateat the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USCUSC §201USC §201 *et seq*. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair. Juris StandardsStandards Act, by 28 USC §1331,Standards Act, by 28 USC §1331, as this action arises under the laws 2828 USC28 USC §1328 USC §1337, as this action arises under Acts of Congress regulating commerce. Addi underunder the principleunder the principle of pendent jurisdiction, Plaintiff claims failureunder the principle of andand owing, pursuant to the New York State Labor Laand owing, pursuant to the New York State Labor Law to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2.

## PARTIES

    2.    PlainPlaintiff,Plaintiff, JAMES PAPA, (hereinafter "PAPA") is a resident of the County of Westchester, and the State of New York.

    3.    DefendantDefendant Defendant PICODefendant PICONE/McCULLAGH (hereinafter "PICONE beliefbelief is a New York employer with offices located at 31 Garden Lane, Lawrence, New York 11559.

DefendantDefendant is an employer engaged in interstateDefendant is an employer engaged in interstate commerc

ActAct (29 USC §201Act (29 USC §201 *et seq.*) and to the New York State Labor Law (Labor Law §§190 *et seq.*)(6

## FACTS

4.       Plaintiff Plaintiff was hired by Defendant on or Plaintiff was hired by Defendant on or about July 2

thirty-onethirty-one ($31.00) Dollars per hour which increased to thirty-three and fifty ninthirty-one ($31.00) D

DollarsDollars per hour during the course of the employment.Dollars per hour during the course of the employment.

August 2006 during his employment.

5.       PlaintiffPlaintiff held an hourlyPlaintiff held an hourly paid non-exempt position.Plaintiff held an h

to $33.59 per hour.

6.       AlthoughAlthough Plaintiff wasAlthough Plaintiff was always required to work between 7:00 a.m.

3030 minutes for lunch, he averaged more than 40 hours per30 minutes for lunch, he averaged more than 40 hours p

a.m.a.m. to 3:30a.m. to 3:30 p.m. as he was required to daily clean the inspector s and supervisor s trailers for 1a.m.

per day before the start of his normal shift.  Thus, Plaintiff worked 45 hours per week.

## AS AND FOR A FIRST CAUSE OF ACTION

7.       Plaint Plaintiff repeats and re-alleges each allegation contained in each preced Plaintiff repeats and re

of this Complaint as though fully set forth herein.

8.       AlthoughAlthough PlainAlthough PlaintAlthough Plaintiff worked overtime during the period Ju

2006 he did not receive either straight pay and/or overtime compensation for this period.

9.       PlaintiffPlaintiff earned betwePlaintiff earned betweenPlaintiff earned between $31.00 and $33.

Dollars per hour during the time he was employed by Defendant.

10.      PlaintiffPlaintiff received no compensation for the hours he workedPlaintiff received no compensati

11.      PlaintiffPlaintiff did not receive overtime payment at the rate of time-and-a-half, in violation

of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

12. Defendant sDefendant s failureDefendant s failure to pay Plaintiff wages andDefendant s failure t was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
## PENDENT CAUSE OF ACTION

13. FromFrom July 2002 through August 2006, PlaiFrom July 2002 through August 2006, PlaintFro time-and-a-half in violation of 12 NYCRR §142-2.2;

14. FromFrom July, 2002 through August, 2006, Plaintiff wasFrom July, 2002 through August, 2006, P hours worked, in violation of Labor Law §190 *et seq*., and §652(1). This violation was willful.

**WHEREFORE**,, Plaintiff requests, Plaintiff requests this Court enter an Order in favor of Plaintiff and aga Defendant:

## On The Fair Labor Standards Act Causes of Action

(a) DeclaringDeclaring Declaring Defendant violated the Fair LaborDeclaring Defendant violated th *seq*.) for the period between July 2002 through and including August 2006;

(b) Declaring Defendant s violation of the Fair Labor Standards Act was willful;

(c) GrantingGranting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(d) GrantingGranting Plaintiff time-and-a-half for each andGranting Plaintiff time-and-a-half for each these periods;

(e) GrantingGranting Plaintiff an equalGranting Plaintiff an equal amountGranting Plaintiff an equal a (3) years before the filing of this Complaint; and

(f) AwardingAwarding Plaintiff his costs andAwarding Plaintiff his costs and reasonable attorneys fe and further relief as to the Court seems just and proper.

**On the New York State Labor Law Cause of Action**

(g) DeclaringDeclaring Defendant violated the New York StateDeclaring Defendant violated the New Y 2.2;

(h) DeclaringDeclaring that Defendant sDeclaring that Defendant s violaDeclaring that Defendan NYCRR §142-2.2 was willful;

(i) GrantingGranting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(j) AwardingAwarding Plaintiff for the period July 2002 through August 2Awarding Plaintiff for t overtimeovertime at the rateovertime at the rate of time and-a-half for working over forty (40) hours per week durin

(k) FindingFinding that DefFinding that DefendantFinding that Defendant s refusal to pay Plaintiff willful,willful, and awarding Plaintiff an additionawillful, and awarding Plaintiff an additional amounwillful, (25%) percent of the total amount of wages found to be due; and

(l) Awarding Plaintiff reasonable attorney s fees.

**JURY TRIAL DEMAND**

PlaintiffPlaintiff demands a trial by jury on all issues properly before this CourtPlaintiff demands a trial by fact raised by this Complaint.

Dated: New Rochelle, New York
December 14, 2006

        Yours, etc.,

        **GOODSTEIN & WEST**

        By: /S/
        **ROBERT DAVID GOODSTEIN (RDG 5443)**
        *Attorneys for Plaintiff*
        56 Harrison Street, Suite 401
        New Rochelle, New York 10801
        (914) 632-8382